**SAGINAW BAY PIPELINE COMPANY, a Partner of Saginaw Bay Area Limited Partnership, CMS Saginaw Bay Company, a Partner of Saginaw Bay Area Limited Partnership, Saginaw Bay Lateral Company, a Partner of Saginaw Bay Lateral Limited Partnership, and CMS Saginaw Bay Lateral Company, a Partner of Saginaw Bay Lateral Limited Partnership, Plaintiffs**

v.

**UNITED STATES of America, Defendant.**

No. 99–70454.

United States District Court,
E.D. Michigan,
Southern Division.

July 14, 2000.

Eugene Driker, Todd R. Mendel, Barris, Sott, Detroit, MI, for plaintiffs.

Saul A. Green, United States Attorney's Office, Detroit, MI, John H. Lindquist, Elizabeth Lan, United States Department of Justice, Tax Division, Washington, DC, for defendant.

### *OPINION AND ORDER*

O'MEARA, District Judge.

Before the Court are cross-motions for summary judgment. Plaintiffs filed their motion January 31, 2000. Defendant filed its motion and a response to Plaintiffs' motion, March 27, 2000. On April 20, 2000, Plaintiffs filed a response to Defendant's motion. On May 1, 2000, Defendant filed a reply. This Court heard oral argument on both motions May 12, 2000.

#### *Background Facts*

This is a federal tax case involving the correct depreciation period for Plaintiffs' natural gas gathering systems. The systems are comprised of underground pipelines used by gas producers to gather natural gas to a processing plant. Plaintiffs claimed a 7–year depreciation period on their tax returns. The Internal Revenue Service (the "IRS") challenges Plaintiffs'

use of a 7–year depreciation period for each of the 1991–1995 taxable years. The IRS asserts that Plaintiffs should depreciate their systems using a 15–year depreciation period. Plaintiffs deposited the tax based on the IRS 15–year period, and on March 24, 1999, Plaintiffs brought this action against the United States of America for recovery of such deposited amounts.

### Standard of Review

A motion for summary judgment under Rule 56 of the F.R.C.P. will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). In deciding defendant's motion, one must consider whether the evidence is such that a reasonable jury could return a verdict for plaintiff. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989). The facts must be viewed in the light most favorable to plaintiff, the non-moving party. *Monette v. Electronic Data Systems*, 90 F.3d 1173 (6th Cir.1996).

### Law and Analysis

The Internal Revenue Code permits a depreciation deduction in the form of a reasonable allowance for the exhaustion or wear and tear of property used in a trade or business. 26 U.S.C. § 167(a)(1). The determination of the correct number of years over which to take the depreciation deduction for such property, depends on the property's "class life," 26 U.S.C. § § 168(e)(1). The selection of the appropriate class life from the list in Revenue Procedure 87–56 is based on the "primary use" of the asset. 26 C.F.R. § 1.167(a)–11(b)(4)(iii)(*b*). The following classes in Revenue Procedure 87–56 are involved in this case:

### Class 13.2 Exploration For and Production of Petroleum and Natural Gas Deposits

*7–year depreciation*

Includes assets used by petroleum and natural gas producers for drilling of wells and production of petroleum and natural gas, including gathering pipelines and related storage facilities.

### Class 46.0 Pipeline Transportation

*15–year depreciation*

Includes assets used in the private, commercial, and contract carrying of petroleum, gas and other products by means of pipes and conveyors. The trunk lines and related storage facilities of integrated petroleum and natural gas producers are included in this class.

### Class 49.23 Natural Gas Production Plant

*7–year depreciation*

[No Class Commentary]

Plaintiffs contend that the 7–year depreciation period specified in Class 13.2 is applicable to its system because the system is comprised only of "gathering pipelines" (specifically mentioned in the description for this class) that are used primarily by producers for production of natural gas.[1] This view was adopted by the 10th circuit in *Duke Energy Natural Gas Corp. v. Commissioner*, 172 F.3d 1255 (10th Cir.1999), which held that the correct depreciation period for natural gas gathering systems is 7 years.

Defendant retorts that the 7–year depreciation period specified in Class 13.2 is not applicable in that the system cannot be "used by producers" because the system is not *owned* by a producer. In support of this argument, Defendant references legislative history and Code commentary to

1. Alternatively, Plaintiffs contend that if Class 13.2 is not applicable, Class 49.23 is applicable because the system is part of a natural gas production plant. Finally, in circumstances where property is not described in any specific asset guideline class under Code section 168(g)(3)(B) or Revenue Procedure 87–56, the Code mandates that the property be depreciated over a 7–year period pursuant to Code section 168(e)(3)(C)(ii)(I). That is, a 7–year period is the default depreciation period.

 

explain that the underlying premise behind the IRS property depreciation system is that the "class life" of property is not only based on its "primary use" but also based on the industry and business activity of the taxpayer claiming the deduction. That is, there is a distinction drawn between assets used by oil and gas *producers* and assets used by *transporters,* notwithstanding that in some circumstances the assets used by transporters may perform the same function as assets used by producers. In short, Defendant argues that *Duke Energy* was wrongly decided because it focuses on the plain language of the word "use" and overlooks a basic tenet of an asset based system of depreciation.

Moreover, Defendant argues that even under the holding in *Duke Energy,* there is a material outcome determinative factual dispute between the parties as to whether Plaintiffs' pipeline is a "gathering pipeline" or a "trunk line." [2] Under *Duke Energy,* trunk lines and gathering systems are mutually exclusive terms referring to different types of pipeline systems and all trunk lines are required to be included in Asset Class 46.0.

In support of its own motion for summary judgment, Defendant advances the previous arguments. However, Defendant's assertion that there exist material facts in dispute belies its contention that it should be awarded summary judgment.

Because the Court agrees that there exists a genuine issue of material fact as to whether Plaintiffs' pipeline is a "gathering pipeline" or a "trunk line" notwithstanding the 10th Circuit decision in *Duke Energy,* the Court will deny both motions for summary judgment.

### Order

It is hereby **ORDERED** that Plaintiffs' January 31, 2000 motion for summary judgment is **DENIED.**

**2.** *See* Affidavits of John Hugenberg and Von

It is further **ORDERED** that Defendant's March 27, 2000 motion for summary judgment is **DENIED.**

Pilcher, Gov't Exs. 31 and 32.